**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| James Mack, Individually, and as<br>Surviving Parent and Personal Representative<br>of the Estate of Crystal Ann Mack<br>4 Bridgeton Court<br>Owings Mills, Maryland 21117<br><br>and<br><br>Sylvia Mack<br>Surviving Parent of Crystal Ann Mack<br>4 Bridgeton Court<br>Owings Mills, Maryland 21117<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Amerisourcebergen Drug Corporation, et al.<br>P.O. Box 959<br>Valley Forge, PA 19482<br><br>*dba/*Amerisource Bergen<br>401 E. Pratt Street<br>Baltimore, Maryland 21202<br><br>　　　　Defendants | *<br><br><br>Case No.:1:08-cv-00688-RDB<br><br><br><br><br><br><br><br><br><br><br>* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFFS' MOTION FOR REMAND TO THE CIRCUIT COURT FOR BALTIMORE CITY**

Plaintiff James Mack, on behalf of his daughter Crystal Mack, and Sylvia Mack ("Plaintiffs"), by and through their undersigned counsel, hereby files a Motion for Remand to the Circuit Court for Baltimore City pursuant to 28 U.S.C.A. §1447. Remand to the Circuit Court of Baltimore City is appropriate given that complete diversity is lacking with respect to the parties in the above-captioned case. Plaintiffs' arguments and points of authority are set forth more fully in the accompanying Memorandum of Law

1

pursuant to Local Rule 105. Based on Plaintiffs' Motion and Memorandum, the motion to remand the case to the Circuit Court of Baltimore City *shall be granted*.

Respectfully submitted,

_____/s/_____
Donald R. Huskey (Bar No. 22981)
Law Offices of Donald R. Huskey LLC
1023 North Calvert Street 3rd Floor
Baltimore, Maryland 21202
410 347-7979


_____/s/_____
Governor E. Jackson, III (Bar No. 27673)
Law Offices of Governor E. Jackson, III, LLC
1023 North Calvert Street, 4th Floor
Baltimore, Maryland 21202
410 528-5150

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this ___12th___ day of May 2009, a copy of the foregoing Motion for Remand to the Circuit Court of Baltimore City was electronically mailed and mailed first class postage prepaid to the following Attorneys for the Defendants: Terrence M.R. Zic, Esq., William Robinson, Esq., LeClairRyan, 225 Reinekers Lane, Suite 700, Alexandria, Virginia 22314, John Winter, Esq., John D. Winter, Patterson Belknap Webb & Tyler LLP, 1133 Avenue of the Americas, New York, New York 10036.

_____/s/_____
Governor E. Jackson, III

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

James Mack, Individually, and as                        *
Surviving Parent and Personal Representative
of the Estate of Crystal Ann Mack                       Case No.:1:08-cv-00688-RDB
4 Bridgeton Court
Owings Mills, Maryland 21117

and

Sylvia Mack
Surviving Parent of Crystal Ann Mack
 4 Bridgeton Court
Owings Mills, Maryland 21117

    Plaintiffs,                                  *

v.

Amerisourcebergen Drug Corporation, et al.
P.O. Box 959
Valley Forge, PA 19482

*dba/*Amerisource Bergen
401 E. Pratt Street
Baltimore, Maryland 21202

    Defendants

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR REMAND TO THE CIRCUIT COURT FOR BALTIMORE CITY**

    Plaintiff James Mack, on behalf of his daughter Crystal Mack, and Sylvia Mack ("Plaintiffs"), by and through their undersigned counsel, hereby files this Memorandum of Law in support of their Motion for Remand to the Circuit Court for Baltimore City and in further support states as follows.

*Relevant Facts*

In 2007, Plaintiffs filed a complex suit in the Maryland Health Claims Alternative Dispute Resolution Office (HCADRO) alleging claims sounding in medical malpractice and products liability against the corporate defendants in the instant case as well as several health care providers of Crystal Mack. By Order of the Director of HCADRO, the corporate defendants were dismissed without prejudice as the Director found that they were not subject to the jurisdiction of HCADRO. Shortly after the dismissal of the corporate Defendants, Plaintiffs continued to litigate against the health care providers in HCADRO and simultaneously filed a separate civil action (Case No. 24-C-08-000994) based on the same operative facts in the Circuit Court for Baltimore City naming as Defendants Amerisourcebergen Drug Corporation, Centocor, Inc., and Johnson & Johnson, Inc. ("corporate Defendants").

Plaintiffs, based on their good-faith basis to believe that Defendant Amerisourcebergen Drug Corporation was operating and doing business at 401 E. Pratt Street, Baltimore, Maryland 21202, elected Baltimore City as the venue to file the case against the three corporate defendants based on the applicable provision of the Maryland Annotated Code, Courts and Judicial Proceedings §6-201(b) which states that "if there is more than one defendant, and there is no single venue applicable to all defendants…*all may be sued* in a county in which any one of them could be sued, or in the county where the cause of action arose."

On March 17, 2008, Defendant Amerisourcebergen Drug Corporation filed a Notice of Removal pursuant to 28 U.S.C. §1441 on the basis that complete diversity existed amongst the parties and that therefore the United States District Court for the

District of Maryland had appropriate jurisdiction. *See* Document No. 1, Case No. 1:08-cv-00689-RDB. After receiving an Order of Transfer from HCADRO directing transfer of the case involving the health care providers to "the appropriate jurisdiction", Plaintiffs', on or about July 23, 2008, sought leave to amend their Complaint to join the health care providers as Defendants to the federal case which was removed on March 17.

Although the Court did not grant Plaintiffs' leave to amend, the Court found that filing of the action in state court would be appropriate if the health care providers were to be added as Defendants. In response, however, the corporate Defendants set forth their intent to sever causes of action pertaining to their conduct from any case filed in state court with the health care providers as Defendants. Ultimately, on September 8, 2008, Judge Richard Bennett of the United States District Court for the District of Maryland, after a teleconference with all parties, issued an Order in Case Nos. 1:08-CV-00688 and 1:08-CV-00699 which explicitly stated that the federal cases would be stayed for a period of 60 days pending the filing of the state court action and the Defendants' efforts to sever those causes of action.

Upon receipt of Judge Bennett's Order, Plaintiffs promptly filed Case No. 24-C-08-005694 in the Circuit Court for Baltimore City naming as Defendants the health care providers who were parties to the suit in HCADRO as well as the three corporate Defendants Amerisourcebergen Drug Corporation, Centocor Inc., and Johnson & Johnson. Plaintiffs also served the Complaint upon the corporate Defendant entities along with First and Second Requests for Admissions, Interrogatories and Requests for Production of Documents.

5

After filing Case No. 24-C-08-005694, the corporate Defendants attempted to enjoin the state court action. The corporate Defendants were unsuccessful in their attempt to enjoin the action, however they were ordered by the presiding state court judge in Case No. 24-C-08-005694 to provide an Answer to the Circuit Court Complaint and discovery responses pursuant to the Maryland Rules. Shortly thereafter, the health care providers were successful in their attempt to have the case transferred to the venue of Baltimore County and agreed to dismiss the corporate defendants from the Baltimore County suit. This Court, after the expiration of the 60 day stay, found that federal court was the appropriate jurisdiction as to the corporate Defendants based on the perception of complete diversity between the Plaintiffs and the corporate Defendants.

*Legal Standard*

Plaintiffs' Motion for Remand is covered generally by 28 U.S.C.A. §1447. Specifically §1447(c) provides that a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). Alternatively, if removal is defective because of lack of subject matter jurisdiction, a party may move for remand at any time, or the court can do so *sua sponte*. *Id*. *See also* Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Furthermore, §1447(d) provides that an order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443[1] of this title shall be reviewable by appeal or otherwise.

---

[1] 28 U.S.C.A. §1443 is applicable in the context of certain civil rights actions.

6

Additionally, it is well settled that the removing party bears the burden of proving proper removal. *See, e.g.,* Mulcahey v. Columbia Organic Chemicals Co., 29 F.2d 148, 151 (4th Cir. 1994). The Court reiterates that it is incumbent on the party opposing remand to show that the removed action is wholly between citizens of different states. Pullman Co. v. Jenkins, 305 U.S. 534, 540, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939). If on motion to remand, the court finds that the Defendant has failed to sustain his burden of establishing diversity, the case will be remanded, necessarily without prejudice to the Defendant's right to remove again later should subsequent developments warrant filing a petition. Goldberg v. CPC Intern., Inc., 495 F.Supp. 233, 237 (D.C.Cal.1980). This Court has also recognized the benefits of judicial economy which flow from the granting of a motion for remand. Specifically, in Taylor v. Lotus Development Corp., 906 F.Supp. 290 (D.Md.1995), Judge Davis found that in cases such as this where the issues have been developed and narrowed in federal court discovery, the issues will be in a posture to be readily resolved by state court. *Id*. at 299.

*Argument*

**I.    Defendant Amerisourcebergen Drug Corporation Is Not A Diverse Party To the Instant Action**

As stated previously, Defendant Amerisourcebergen filed their initial Notice of Removal under the auspices that "Defendant Amerisourcebergen is a corporation incorporated and existing under the laws of the State of Deleware and having its principal place of business in Chesterbrook, PA. *See* Document No. 1 at para. 5, Case No. 1:08-cv-00689-RDB. As this Court is aware, with respect to the citizenship of a corporation for diversity purposes, §1332 provides, "a corporation shall be deemed to be a citizen of any

7

State by which it has been incorporated and of the State where it has its principal place of business." *See* 28 U.S.C.A. §1332(c)(1). To determine where a corporation has its principal place of business, the Fourth Circuit has recognized two tests, the "nerve center test" and the "place of operations test". *See* Peterson v. Cooley, 142 F.3d 181, 184 (4th Cir. 1998). For instance, when a corporation engages primarily in the ownership and management of geographically diverse investment assets, we apply the "nerve center test," which establishes the corporation's principal place of business as that place where the corporation "makes the 'home office,' or place where the corporation's officers direct, control, and coordinate its activities." *Id.* But when the corporation has "multiple centers of manufacturing, purchasing, or sales," we apply the "place of operations test," focusing on "the place where the bulk of corporate activity takes place." *Id.*

Based on discovery in the instant case, this Court shall apply "the place of operations test" to determine whether Defendant Amerisourcebergen Drug Corporation has a principal place of business within the State of Maryland. In this Defendants' Answer in Case No. 24-C-08-005694, they admitted that Amerisourcebergen is headquartered in Chesterbrook, Pennsylvania and that they are a distributor for the biological drug Remicade which is manufactured by Defendants Centocor, Inc. for the treatment of Crohn's disease. *See* **Exhibit 1** at para. 19-21. During discovery, however, Plaintiffs' completed the deposition of this Defendant's F.R.C.P. 30(b)(6)[2] corporate designee representative who testified that the corporate structure of Amerisourcebergen

---

[2] The testimony elicited at the F.R.C.P. 30(b)(6) deposition represents the knowledge of the corporation, not of the individual deponents. The designated witness is "speaking for the corporation" and this testimony must be distinguished from that of a "mere corporate employee" whose deposition is not considered that of the corporation and whose presence must be obtained by subpoena. Paul Revere Life Insurance Co. v. Jafari, 206 F.R.D. 126, (D.Md. 2002)(citing United States v. J.M. Taylor, 166 F.R.D. 356, 361-362 (M.D.N.C.1996)).

in the state of Maryland from 2006 to 2008 was distinctly divided into "three distinct groups operating of the east region and the north region. East region has two of those groups, one of the other groups is in the north region." *See* **Exhibit 2** at pp. 15-16. The witness further testified that each region is supervised by an account manager, director of sales, and a vice president of health systems. *Id*. The appropriateness of the "place of operations test" is further demonstrated by the representative's testimony reflecting that Amerisourcebergen has multiple distribution centers, including a center located in Richmond, Virginia that is responsible for distributing medications to the central region of Maryland." *Id*. at pp. 16-17.

Additionally, according to the testimony of the corporate designee, Defendant Amerisourcebergen maintains a pharmacy staffing office in Baltimore City, Maryland which is tasked with "providing interim staff members for pharmacies for vacation, absence of employees, pretty much interim for periods of time when there is not somebody available in the pharmacy and they need an employee to cover their services. *See* **Exhibit 3** pp.54-56. Taking the representative's testimony together with the Court's analysis in Cooley, *supra*, it is quite evident that Defendant Amerisourcbergen maintains sufficient enough contacts with Maryland to be considered to have a principal place of business within the State.

Other activities of Defendant Amerisourcebergen provide information indicative of why remand would be appropriate such that this Defendant would be subject to the jurisdiction of the Circuit Court for Baltimore City. For example, on or about November 1, 2006, Amerisourcebergen announced its $35 million cash acquisition of I.G.G. of America, Inc., a specialty pharmacy and infusion service business specializing in the

9

blood derivative IVIG. *See* **Exhibit 4**. Prior to its acquisition, I.G.G. originally was incorporated in Maryland with its principal offices located at 797 Spring Bloom Drive, Millersville, Maryland 21108. *See* **Exhibit 5**. I.G.G. subsequently changed its address to Linthicum, Maryland approximately two and a half months prior to its acquisition by Defendant Amerisourcebergen (*See* **Exhibit 6**) and Amerisourcebergen has elected to maintain its offices in Linthicum, Maryland for purposes of "supporting Amerisourcebergen's strategy of building [their] specialty pharmaceuticals services to manufacturers." *Id*. at Exhibit 4. In fact, following the acquisition Defendant Amerisourcebergen sought a Director of Business Development whose responsibilities would entail developing, selling, and promoting I.G.G. products in Baltimore, Maryland. *See* **Exhibit 7.**

Yet another example of Defendant Amerisourcebergen's activities favoring remand of the instant case includes Amerisourcebergen's operation of Rita Ann Distributors located at 8410 B Kelso Drive, Baltimore, Maryland 21218. *See* **Exhibit 8**. Effective January 31, 2005, the Maryland Department of Labor, Licensing, and Regulation identified Rita Anne Distributors as being synonymous with the entity Amerisourcebergen in its "Work Adjustment and Retriaining Notification Log" which explicitly stated that at the time of the aforementioned effective date, Rita Anne was located in Baltimore City with 193 employees. *See* **Exhibit 9**. Moreover, in October 2005, Judge Wolff of the Court of Appeals for Clark County, Ohio in <u>Rita Ann Distribution v. Brown Drug Co.</u>, 164 Ohio App.3d 145 (2005) recognized that "Rita Ann is a division of AmerisourceBergen Corporation, which has its principal place of business at 8410 Kelso Drive in Baltimore, Maryland." *See* **Exhibit 10** at para.2.

Litigation involving Defendant Amerisourcebergen within Maryland also provides insight as to the corporate citizenship of this Defendant. Specifically, in the cases of Platinum Financial Services Corp. v. Dotson and Baltimore Gas & Electric Co. v. Dotson filed respectively in the District Court for Baltimore City on January 7, 2002 and May 1, 2002, Amerisourcebergen was involved as a wage garnishee with its Comptroller of Payroll located at 401 E. Pratt Street, Baltimore, Maryland 21202. *See* **Exhibit 11, 12**. The cases resolved on or about July 8, 2007 with Amerisourcebergen's status and address remaining unchanged up until the date of resolution.

Based on the foregoing description of Defendant Amerisourcebergen's corporate activities and giving deference to the testimony of the corporate representative, this Court shall find that this Defendant maintains corporate citizenship within the state of Maryland for purposes of examining diversity of the parties and shall therefore ***grant*** Plaintiffs' Motion for Remand.

### II. Remand Of the Instant Case Will Avoid Wastes of Judicial Economy

As Judge Davis recognized in his opinion in Taylor, *supra*, proper remand of a case has the ability to preserve the time and resources of the federal Court spent handling preliminary motions and trial of the Plaintiffs' claims. In the instant case, discovery has been completed according to the Court's prior Order, however, based on the parties' recently filed status reports, Plaintiffs anticipate that the Court will be inundated with numerous dispositive motions and motions *in limine* prior to trial.

Additionally, given the complex nature of the facts giving rise to Plaintiffs' causes of action and impart of Daubert, there will undoubtedly be motions and (at the Court's discretion) hearings held dealing with the admissibility of expert witness

11

opinions and testimony. Remand of the instant case, in addition to being consistent with established case law, will achieve the efficiency-related goals enunciated by this Court during the hearing held in December 2008. For these and other reasons discussed above, Plaintiffs' Motion for Remand ***shall be granted***.

WHEREFORE, given that removal of the case occurred on the basis of diversity jurisdiction and further given that Plaintiffs' have made a factual showing of a lack of complete diversity between the parties, the Plaintiffs respectfully request that this Court remand the instant case to the Circuit Court of Baltimore City pursuant to 28 U.S.C.A. §1447 and grant any other such relief as warranted.

Respectfully submitted,

_____/s/_____
Donald R. Huskey (Bar No. 22981)
Law Offices of Donald R. Huskey LLC
1023 North Calvert Street 3rd Floor
Baltimore, Maryland 21202
410 347-7979


_____/s/_____
Governor E. Jackson, III (Bar No. 27673)
Law Offices of Governor E. Jackson, III, LLC
1023 North Calvert Street, 4th Floor
Baltimore, Maryland 21202
410 528-5150

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this <u>  12th  </u> day of May 2009, a copy of the foregoing Motion for Remand to the Circuit Court of Baltimore City and Memorandum of Law In Support of Plaintiffs' Motion for Remand to the Circuit Court of Baltimore City was electronically mailed and mailed first class postage prepaid to the following Attorneys for the Defendants: Terrence M.R. Zic, Esq., William Robinson, Esq., LeClairRyan, 225 Reinekers Lane, Suite 700, Alexandria, Virginia 22314, John Winter, Esq., John D. Winter, Patterson Belknap Webb & Tyler LLP, 1133 Avenue of the Americas, New York, New York 10036.

<u>         /s/          </u><br>
Governor E. Jackson, III

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| James Mack, Individually, and as<br>Surviving Parent and Personal Representative<br>of the Estate of Crystal Ann Mack<br>4 Bridgeton Court<br>Owings Mills, Maryland 21117<br><br>and<br><br>Sylvia Mack<br>Surviving Parent of Crystal Ann Mack<br> 4 Bridgeton Court<br>Owings Mills, Maryland 21117<br><br>       Plaintiffs,<br><br>v.<br><br>Amerisourcebergen Drug Corporation, et al.<br>P.O. Box 959<br>Valley Forge, PA 19482<br><br>*dba/*Amerisource Bergen<br>401 E. Pratt Street<br>Baltimore, Maryland 21202<br><br>       Defendants | *<br><br><br>Case No.:1:08-cv-00688-RDB<br><br><br><br><br><br><br><br><br><br><br><br>* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ORDER**

Upon consideration of Plaintiffs' Motion for Remand and any Opposition thereto, it is this _____ day of _____, 20___, hereby

**ORDERED:**  That Plaintiffs' Motion for Remand of the above-captioned case to the Circuit Court of Baltimore City be GRANTED.

_____
Date

                                        _____
                                        Judge

14