THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES MACK, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: RDB-08-688 |
| AMERISOURCEBERGEN DRUG CORPORATION, et al., | * | |
| Defendants. | * | |

* * * * * * * * * * * * *

**MEMORANDUM ORDER**

Plaintiffs James and Sylvia Mack, on behalf of their daughter Crystal Mack, originally filed suit against Defendants AmerisourceBergen Drug Corporation, Centocor, Inc., and Johnson & Johnson, Inc., in the Circuit Court for Baltimore City. On March 17, 2008, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441 on the basis of complete diversity between the parties. On May 12, 2009, Plaintiffs filed the instant Motion for Remand to the Circuit Court for Baltimore City (Paper No. 49). A hearing was held on said motion on August 20, 2009. For the reasons stated on the record at that hearing, and supplemented by this Memorandum Order, said Motion for Remand is DENIED.

Plaintiffs contend that complete diversity does not exist in this case because Defendant AmerisourceBergen Drug Corporation has its principal place of business in Maryland.[1] The United States Court of Appeals for the Fourth Circuit has recognized "two tests for ascertaining a corporation's principal place of business for jurisdictional purposes, but [has] endorsed neither to

[1] It is undisputed that Plaintiffs are residents of the State of Maryland and that Defendants Centocor, Inc. and Johnson & Johnson, Inc., are residents of the Commonwealth of Pennsylvania and the State of New Jersey, respectively.

the exclusion of the other." *Peterson v. Cooley*, 142 F.3d 181, 184 (4th Cir. 1998). The first test, referred to as the "nerve center test," is appropriate when a corporation "engages primarily in the management of geographically diverse assets." *Trans/Air Mfg. Corp. v. Merson*, 524 F. Supp. 2d 718, 722 (D. Md. 2007). Under this test, a corporation's principal place of business is located where its executive headquarters or where its officers "direct, control, and coordinate its activities." *Cooley*, 142 F.3d at 184. The alternative analysis is referred to as the "place of operations test," which is normally applied when a corporation has "multiple centers of manufacturing, purchasing, or sales." *Id.* Under this test, the relevant factors are "the location of the corporation's tangible assets, the locus of the day-to-day business operations, and the location of offices or personnel." *West v. Cracker Barrel Old Country Store,* 2006 U.S. Dist. LEXIS 30322, *4 (D. Md. May 15, 2006). Additionally, in applying the "place of operations test," courts may consider other factors such as "the location where business is carried out, where bank accounts are held, where taxes are paid and returns are filed, where administrative, accounting, and corporate records are kept, where meetings are held, and where the corporation would consider its home." *Id.*

The AmerisourceBergen Drug Corporation's home office is located in Chesterbrook, Pennsylvania. (Defs.' Ex. B at ¶ 5.) The company's three directors and its seventeen officers all have their offices at the executive headquarters in Chesterbrook. (*Id.* at ¶¶ 6-7.) In addition, the company's directors and officers meet and control the day-to-day operations and financial affairs of the company from its headquarters. (*Id.* at ¶¶ 8-11.) The company's corporate records are kept at its executive headquarters and the company files its corporate tax returns in Pennsylvania. (*Id.* at ¶¶ 12-14.) Therefore, this Court finds that under both the "nerve center test" and the

"place of operations test," the AmerisourceBergen Drug Corporation has its principal place of business in Pennsylvania.

In arguing for remand, Plaintiffs note that (1) the AmerisourceBergen Drug Corporation has a distribution center in Richmond, Virginia that distributes medications to the central region of Maryland; (2) Defendants maintain a pharmacy staffing office in Maryland; (3) the AmerisourceBergen Corporation acquired a Maryland corporation, I.G.G. of America, Inc. ("IgG"); and (4) the AmerisourceBergen Corporation maintained an office located at 401 E. Pratt Street in Baltimore, Maryland.

It is of no significance that AmerisourceBergen Drug Corporation's corporate parent, the AmerisourceBergen Corporation, acquired IgG or maintained an office in Baltimore, Maryland. For the present inquiry, the AmerisouceBergen Drug Corporation and the AmerisourceBergen Corporation are two separate and distinct entities. Nor is this Court's ruling undermined by the observation that the AmerisourceBergen Drug Corporation has a distribution center in Virginia that distributes drugs to Maryland, or by the fact that it may own a pharmacy staffing office in Maryland.[2] Plaintiffs have merely established that the AmerisourceBergen Drug Corporation conducts business in Maryland—a showing that does not, by itself, satisfy the place of operations test. *West*, 2006 U.S. Dist. LEXIS 30322, at *5-6 ("[t]hat a corporation has facilities, or authority to do business, in a particular state does not establish that it is a citizen of that state"). The record reflects that the bulk of AmerisourceBergen Drug Corporation's corporate activity takes place in Pennsylvania, and it is well established that "a corporation can have only one principal place of business for the purpose of establishing its state of citizenship." *Gray v.*

[2] Plaintiffs contend that "Defendant Amerisourcebergen maintains a pharmacy staffing office in Baltimore City, Maryland." (Pls.' Mot. for Remand at 9.) However, Defendants counter that the AmerisourceBergen Drug Corporation has no ownership interest in the pharmacy staffing company, Advocate Rx Solutions. (Defs.' Ex. B ¶ 21.)

*Remley*, 2003 U.S. Dist. LEXIS 25265, at *6 (M.D.N.C. Dec. 3, 2003) (citing *J.A. Olson Co. v. City of Winona*, 818 F.2d 401, 406 (5th Cir. 1987)).

Accordingly, Plaintiffs' Motion for Remand to the Circuit Court for Baltimore City (Paper No. 49) is hereby DENIED.

SO ORDERED, this 25th day of August, 2009.

/s/______________________
Richard D. Bennett
United States District Judge