Law Offices of Donald R. Huskey LLC
1023 North Calvert Street
Baltimore, Maryland 21202
410 347-7979

September 24, 2009

Honorable Richard Bennett
United States District Court Judge
Garmatz Federal Courthouse
101 W. Lombard Street
Baltimore, Maryland 21202

      Re: Mack v. Amerisource Bergen Drug Corporation
          Case No.: 1:08-cv-00688-RBD

Dear Judge Bennett:

    In the hearing on Defendant's Motion for Summary Judgment on August 20, 2009, this Honorable Court granted Plaintiffs' counsel additional time to supplement information presented to the Court regarding the issue of whether AmerisourceBergen Drug Corporation, the named entity in this suit, was authorized to distribute the drug Remicade in the State of Maryland in 2006 and 2007. According to the Maryland Department of Assessments and Taxation, the entity in this lawsuit known as Amerisourcebergen Drug Corporation (Taxpayer Services Division Dept # F01982255) has the address of its principal office listed as P.O. Box 959, Valley Forge, PA and has a resident agent of The Corporation Trust Incorporated, 300 E. Lombard St. Baltimore, MD 21202 (Exhibit 1). This is the entity on which service of process in this action was made and accepted. Furthermore, counsel for this defendant admitted during the August 20 hearing that the Plaintiffs had served the correct entity.

    This entity does not have a license to distribute drugs in the State of Maryland. The history of permits issued by the Maryland Board of Pharmacy (MBP) for "Amerisource Bergen Drug" entities to distribute in Maryland are DO1973, D01253, DOO715, DOO736, and DOO300 (Exhibit 2). DO1973 is for Amerisource Bergen Drug Co. whose address is 6305 LaSalle Drive, Lockdourne, OH 43137. The open date is 10/30/2006 and the expiration date is 12/31/2010. DO1253 is for Amerisource Bergen Drug Corporation whose address is 1655 E. Twelfth Street, Mishawaka, IN 46544-5828. The open date is 12/12/2001 and the expiration date was 12/31/2005 and the permit was not renewed. DOO715 is for Amerisource Bergen Drug Corporation whose address is 410 Princeton Road, Johnson City, TN 37601. The open date was 01/07/2003 and the expiration date was 12/31/2004. The status is "non renew." DOO736 is for Amerisource Bergen Drug Corp. whose address is 9900 J E B Stuart Pkwy, Glen Allen, VA 23059. The open date is

11/28/2001 and the expiration date is 12/31/2010. The status is "active." DOO300 is for Amerisource Bergen Drug Corporation 100 Friars Boulevard, Thorofare, NJ 08086. The open date is 12/13/2002. The expiration date is 12/31/2010 and the status is "active." Thus, based on the database search using the query "Amerisource Bergen Drug", there is no indication that any of the MBP distribution permits were issued for the entity in this lawsuit. None of the Amerisource Bergen Drug entities discussed above with an "active" MBP distribution permit hold a license to do business in the State of Maryland. The only entity which does have a license to do business in the State of Maryland is the "correct entity", Amerisourcebergen Drug Corporation (*See* Exhibit 1), which does not hold a MBP distribution permit.

This Defendant produced in discovery MBP permits for Amerisource Bergen Drug Corp. located at 9900 JEB Stuart Pkwy, Glen Allen, VA 23059 (Exhibit 3). Additionally, this defendant produced as an attachment to the Motion for Summary Judgment MBP permits for Amerisource Bergen Drug Corp located at 9900 JEB Stuart Pkwy, Glen Allen, VA 23059 (Exhibit 4). At no time during discovery, including during the 30(b) (6) deposition of the corporate representative, has the Defendant entity (with its principal office listed as P.O. Box 959, Valley Forge, PA) presented proof that it possessed a MBP permit to distribute Remicade in Maryland in 2006, 2007.

Section 16-202 Annotated Code of Maryland in 2006, 2007, requires that " (c) a person shall hold a permit issued by the Board before the person may distribute prescription drugs or devices as a distributor, jobber, manufacturer, or wholesaler." Further "(l) A distribution permit is not transferable." (Exhibit 5). The impart of section (l) is particularly relevant given this Court's prior finding that AmerisourceBergen Drug Corporation and its corporate parent AmerisoureBergen Corporation are two separate and distinct entities. *See* Document No. 62 at p.4, para.2.

The Plaintiffs have presented in opposition to summary judgment the March 17, 2008 response from the Maryland Board of Pharmacy which revealed that Amerisourcebergen closed on May 12, 2003 (Exhibit 6). After the summary judgment hearing, Plaintiffs' counsel sent another request to the Executive Director outlining the concerns based on oral argument during the summary judgment hearing. The Executive Director responded on September 24, 2009. The documents produced in the Executive Director's response to the August 27, 2009 letter from Plaintiffs counsel are attached at Exhibit 7. Based on the Executive Director's database search using the query "AmeriSource Bergen", none of the documents produced by the Maryland Board of Pharmacy indicate that the Defendant had a license to distribute in 2006 and 2007 in Maryland.

Additionally, the Answer of Defendant Amerisourcebergen Drug Corporation filed prior to the removal of this case from the Circuit Court for Baltimore City further affirms Plaintiffs' position that the Defendant entity was indeed carrying on operations inconsistent with the requirements of the Annotated Code of Maryland. Specifically, their Answer stated "Defendant admits that AmerisourceBergen is a corporation incorporated and existing under the laws of the State of Delaware and having its principal place of

business in Chesterbrook, P.A....Defendants admits that AmerisourceBergen's headquarters is located in Chesterbrook, PA and that as a distributor for the J&J and Centocor, AmerisourceBergen was engaged in selling Remicade within the State of Maryland and throughout the United States... Defendant was a distributor of Remicade and admits that it purchased Remicade from Centocor... Defendant admits that it distributed Remicade... Defendant admits that patients were advised of possible cardiac risks associated with Remicade and the warnings speaks for itself." (*See* Exhibit 8 at para. 5, 14, 19, 21, and 27).

In conclusion and consistent with Plaintiffs' position taken during the course of discovery, there is no evidence that the entity in this lawsuit possessed a permit to distribute Remicade in the State of Maryland in 2006, 2007. The Plaintiffs respectfully request that the Court incorporate this response to the Plaintiffs' Opposition to Defendant Motion for Summary Judgment.

With best regard,

/s/

Donald R. Huskey


/s/

Governor E. Jackson, III


c. John Winters, Esquire