# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

September 25, 2009

**By ECF**

John D. Winter
Partner
(212) 336-2836
Direct Fax (212) 336-2369
jwinter@pbwt.com

The Hon. Richard Bennett
United States District Court Judge
U.S. District Court for the District of Maryland
101 W. Lombard Street
Baltimore, MD  21202

Re:   **Mack v. Centocor, Civil Action No. RDB 08-688**

Dear Judge Bennett:

      We write in response to plaintiffs' September 24, 2009 letter. Plaintiffs' contention that defendant AmerisourceBergen Drug Corporation is not licensed to distribute drugs in Maryland is incorrect.

      AmerisourceBergen Drug Corporation's corporate headquarters and principal place of business is in Pennsylvania. In addition to its Pennsylvania headquarters, AmerisourceBergen Drug Corporation has regional offices and distribution centers across the United States, including in Lockdourne, Ohio, Glen Allen, Virginia, and Thorofare, New Jersey. See http://www.amerisourcebergen.com/cp/1/docs/Locations/January_2009/9%2030%2008 _ABC_DC_Map.pdf. These offices and centers are not separate legal entities, as plaintiffs maintain, but rather additional locations of the same corporation. See Id. As defendants previously demonstrated, AmerisourceBergen Drug Corporation obtained a license to distribute medicines in the state of Maryland through its Glen Allen, Virginia facility. See Defendant's Reply Memorandum of Law in Further Support of Their Motion for Summary Judgment at 17 ("Reply Memo."); Affidavit of Michael Kody, ¶4; Exhibit A ("Kody Aff.").

      Plaintiffs' statement that "[a]t no time during discovery, . . . has the Defendant entity . . . presented proof that it possessed a MBP permit to distribute Remicade in Maryland in 2006, 2007" is false. In raising this issue for a second time, plaintiffs are once again ignoring evidence. As defendants already established "Amerisource Bergen," a company specifically identified in the caption of this lawsuit, has possessed the appropriate licenses during the time period relevant to this lawsuit. See Reply Memo. at 17; Kody Aff. ¶4; Exhibit A.

Hon. Richard Bennett
September 25, 2009
Page 2

       Even if plaintiffs' theories were correct, their argument is irrelevant because there is no private right of action for a company's failure to obtain proper licensing. See Md. Code Ann., Health Occup. § 12-602;[1] Reply Memo. at 19.

                                                      Respectfully submitted,

                                                      John D. Winter

cc:    Donald R. Huskey, Esq.
        Governor E. Jackson, III, Esq.

---

[1] Plaintiffs incorrectly cite Md. Code Ann., Health Occup. § 16-202, which concerns Board Members of the State Board of Podiatric Medical Examiners.